IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL RAYBURG, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 16-1214
)
NANCY A. BERRYHILL,[1] )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Paul Rayburg ("Rayburg") brings this action seeking judicial review of the ALJ's decision denying a claim for a period of disability and disability insurance benefits ("DIB"). Rayburg filed an application in January of 2013, alleging a disability beginning on March of 2007 due to both physical and mental symptoms.[2] He appeared and testified at a July 3, 22014 hearing, as did a vocational expert. The ALJ denied Rayburg's claim, finding him capable of performing a significant number of jobs in the national economy. Rayburg has appealed. Pending are Cross Motions for Summary Judgment. Docket no. 14 and Docket no. 16. After careful consideration, I find Rayburg's arguments to be unpersuasive. Consequently, the ALJ's decision is affirmed.

### Legal Analysis

---

[1] Nancy A. Berryhill because acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Although Rayburg also complained of depression (R. 25), the ALJ did not find his depression to constitute a "severe impairment." (R.25) Rayburg does not challenge this finding upon appeal.

1

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. The ALJ's RFC Assessment is Supported By Substantial Evidence

Rayburg urges that the ALJ's residual functional capacity assessment ("RFC") contradicts Social Security Ruling 96-6p and is not supported by substantial evidence of record. As to the first contention, Rayburg does not cite to any specific portion of SSR 96-6p, nor does he cite to any case law in support of his proposition. He seems to reason that because the ALJ relied upon the opinion issued by Dr. Wyszomierski, who issued her opinion before receiving and reviewing all the medical records, that opinion is invalid. I disagree. SSR 96-6p[3] sets forth the policy guiding the weight to accord to competing medical opinions. Here, the ALJ had only one medical opinion – that provided by the state agency physician Dr. Wyszomierski. Rayburg's physicians did not provide any opinions regarding his residual functional capacity or any limiting effects of his impairments. The ALJ adequately explained why he gave weight to Dr. Wyszomierski's opinion:

> Dr. Wyszomierski provided a persuasive and detailed assessment of the claimant's functional capacity. Her opinions regarding the claimant's right shoulder limitations are supported by the two surgical interventions discussed above in conjunction with the claimant's ongoing complaints of pain. Her opinions pertaining to the claimant's left shoulder restrictions are supported by Dr. Anderson's medical assessment. Unlike the medical sources of record, Dr. Wyszomierski had the opportunity to review the claimant's longitudinal medical history for the entire relevant period under consideration.

(R. 29) Further, although Dr. Wyszomierski may have issued her opinion prior to receipt of some of the records from Rayburg's treating pain specialist, case law supports the proposition that the ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *See Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2012). Thus, there is nothing inherently wrong with relying upon a state agency evaluator's opinion rendered prior to receipt of the

---

[3] SSR 96-6p was rescinded and replaced by SSR 17-2p effective March 27, 2017.

entirety of the medical records. Rather, the cogent issue is whether records issued or received after the state agency physician prepared his/her report are at odds with that report. My review of the record does not reveal anything compelling in Dr. Trachtman's records. He did not issue an opinion regarding Rayburg's functional abilities. Further, the ALJ had the entire longitudinal history of Rayburg's treatment in formulating the RFC. He acknowledged Dr. Trachtman's prescription of pain medication and the record notations over the course of treatment that Rayburg was "stable" and that the medications had improved his pain. (R. 29) As such, I find no violation of Rule 96-6p.

As to Rayburg's contention that the ALJ's RFC analysis is without substantial evidentiary support, I again reject his contention. Specifically, Rayburg faults the ALJ for citing to only portions of some of Dr. Trachtman's office notes and records. However, it is clear from the ALJ's decision that he reviewed Dr. Trachtman's records. (R. 29, referencing Dr. Trachtman's records) Further, the Third Circuit Court has stated that "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 Fed. App'x. 130, 133 (3d Cir. 2004). There is no expectation that the ALJ "make reference to every relevant treatment note." *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). The ALJ was not required to reference each of Dr. Trachtman's notations in the record and I find no evidence that the ALJ mischaracterized the notes.

Additionally, I find that substantial evidence supports the ALJ's RFC finding. Again, as stated above, Dr. Trachtman did not offer any expert opinion regarding Rayburg's limitations. Dr. Wyszomierski did. She opined that Rayburg was capable of occasionally lifting / carrying up to 20 pounds and of frequently lifting / carrying up to 10.

4

(R. 82) She found that Rayburg could stand / walk about 6 hours and sit about 6 hours in an 8-hour workday. (R. 82-84) She further found that Rayburg was limited in his upper extremities with respect to his ability to push and / or pull. (R. 83) She ascribed certain postural limitations and manipulative limitations to him, again referencing his shoulder injuries. (R. 83) The ALJ inquired of the vocational expert whether an individual with the functional limitations identified by Dr. Wyszomierski could perform any occupations. The VE responded that a person with such limitations could perform certain unskilled jobs such as an office helper, a mail clerk and a photocopying machine operator. (R. 31) The ALJ in turn relied upon this testimony in formulating the RFC, taking into account the medication prescribed by Dr. Trachtman. (R. 29 stating, "[h]is narcotic pain medicine precludes him from occupations requiring exposure to workplace hazards.") Simply stated, substantial evidence supports the ALJ's RFC analysis and there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL RAYBURG,                          )
                                       )
      Plaintiff,                   )
                                       )
  -vs-                                 )      Civil Action No. 16-1214
                                       )
NANCY A. BERRYHILL,[4]                 )
ACTING COMMISIONER OF                  )
SOCIAL SECURITY,                       )
                                       )
      Defendant.                   )

AMBROSE, Senior District Judge.


## **ORDER OF COURT**

Therefore, this 1st day of June, 2017, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 14) is denied and Defendant's Motion for Summary Judgment (Docket no. 16) is granted. It is further ORDERED that the decision of the ALJ is AFFIRMED.

                                                BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.